KIMBALL v. McINTYRE ET AL.

UNDER THE ACTS OF CONGRESS THE FUNCTIONS OF COMMON LAW AND
CHANCERY COURTS are confided to the district courts of the territory,
and by the statutes of the territory these jurisdictions are unitedly ex-
ercised.

THE FORMS OF SUITS AND ACTIONS AT LAW AND CHANCERY BEING ABOL-
ISHED, a defendant may plead as many defenses as he may have to an
action, and where, in an action at law, both legal and equitable defenses
are pleaded, the equitable defense is properly and necessarily heard and
determined by the court before a jury is called to try the issues at law.

A PATENT FROM THE UNITED STATES IS THE HIGHEST EVIDENCE OF TITLE,
and ordinarily it can not be varied, contradicted, or controlled by evi-
dence dehors the patent; but after the United States has parted with its
title and the individual has become vested with it, the equities subject
to which he holds it may be enforced; therefore, where a mineral patent
is obtained which fails to state the respective interests which the grantees
take under the patent, a court of equity will direct that the grantees
take thereunder such interests only as they actually claimed and owned
at the time of the application for patent.

APPEAL from the first district court.   Upon the call of the
case for trial in the court below, the plaintiff demanded a jury;
the defendants requested a trial by the court of the equitable
defense pleaded, before a jury was called to try the issues at
law.   The court ruled for the defendants; the case was heard
and determined by the court upon the equitable defense.

*Williams & Young,* for the appellant.

A deed given to two or more parties without designating
the amount given to each vests them all equally: 1 Hilliard
on Real Prop. 782; 1 Washburn on Real Prop.; 2 Cooley's
Bla. Com. 180; *Treadwell* v. *Bulkley,* 4 Day, 395; *Fisher* v.
*Wigg,* 1 Ld. Raym. 627; 2 Cooley's Bla. Com. 182, and note 6.

Nor can such a deed be varied by parol; that is, parol evi-
dence will not be allowed to show the consideration, so as to
vary the operation of the deed: 1 Hilliard on Real Prop. 782;
*Treadwell* v. *Bulkley,* 4 Day, 395; Comp. Laws Utah, 340.

A United States patent is the highest evidence of title, and
it can not be varied, contradicted, or controlled by evidence
*dehors* the patent: *Doll* v. *Meador,* 16 Cal. 323; *Mott* v.
*Smith,* Id. 348–351; *Biddle Boggs* v. *Merced M. Co.,* 14 Id.
365; *Stark* v. *Barratt,* 15 Id. 366.

And grantees under a deed, and all parties to it, are es-

topped from denying its effect: *Carver* v. *Jackson*, 4 Pet. 82 et seq.; 2 Smith's Lead. Cas. 679.

Even if admitted that there was an agreement existing between the grantors of defendant and the plaintiff, in regard to the interest to said mine under the patent, but different from what the patent confers, the defendant could have no advantage from this fact, as it would be in its nature personal, and not appurtenant to the land. The defendants are bound by title, which is the patent under which they all claim. In action of ejectment, the legal title must prevail: *Clark* v. *Lockwood*, 21 Cal. 223; *Estrada* v. *Murphy*, 19 Id. 272.

Equitable defense must be first heard, but must be properly pleaded; that is, must contain the essential averments of a bill in equity: *Estrada* v. *Murphy*, 19 Cal. 273; *Lestrade* v. *Barth*, Id. 660; *Cadiz* v. *Majors*, 33 Id. 288; *Arguella* v. *Edinger*, 10 Id. 160; *Weber* v. *Marshall*, 19 Id. 447.

*Philip T. Van Zile*, for the respondents.

The equitable defense was properly and necessarily first heard and determined by the court: *Lestrade* v. *Barth*, 19 Cal. 660; *Arguello* v. *Edinger*, 10 Id. 160; *Weber* v. *Marshall*, 19 Id. 447.

It is insisted that "the court erred in overruling the objection of the plaintiff to the introduction by defendants of a copy of location notice of the First Northern Extension, Mammoth Lode, and allowing the same to be used in evidence." And further, that "the court erred in overruling objection of plaintiff to the introduction by defendants of abstract of title of said mine from the county recorder of Juab county, Utah territory, and allowing the same to be read in evidence."

On page 23 of the record will be found the account of what transpired in the court below, and the objection made by plaintiff as follows: "Defendants then offered in evidence the abstract of title of said mine as taken from the Juab county records, and which was filed in the United States land office at Salt Lake City, at the time the patent for said mine was applied for, which said abstract disclosed the fact" in substance that, at that time, plaintiff owned only three sixteenths of said mine.

The objection made by counsel to this was: 1. "Said abstract is immaterial, incompetent, and irrelevant for this, that by it defendants seek to vary, contradict, control, explain, and limit the operation of the patent from the United States, and pleaded by them in their answer herein;" 2. "Said abstract is inconsistent with the title of the defendants herein, under the United States patent pleaded by them."

This abstract, which was filed by the plaintiff himself, with his application for patent, was the very best kind of proof of what he claimed. We introduced it to show who claimed the property, and in whom plaintiff admitted the title to be.

By an examination of the record it will be observed that the claim of the defendants was that plaintiff in equity only obtained a three-sixteenths interest by the patent, because that was all he owned in the claim that was patented, and that whatever title or appearance of title he acquired to more than that must be held in equity to be by him held in trust for the rightful owners; that the defendants did not seek to alter, limit, explain, or control the patent, but only sought to show the equities.

Equity will control the legal title: *Clark* v. *Lockwood*, 21 Cal. 220; *Emerick* v. *Penniman*, 26 Id. 124; *Salmon* v. *Symonds*, 30 Id. 307; *O'Connell* v. *Dougherty*, 32 Id. 462.

The facts disclosed in the answer of defendants and in the proofs and findings clearly uphold the claim of defendants and entitle them to a decree: Perry on Trusts, secs. 124–126, 137–139; *Johnson* v. *Towsley*, 13 Wall. 72; *Cofield* v. *McClelland*, 16 Id. 331; *O'Connell* v. *Dougherty*, 32 Cal. 459; *Salmon* v. *Symonds*, 30 Id. 307, and cases there cited.

TWISS, J.:

This is an action of ejectment to recover the possession of an undivided thirty-seven and one half feet of the First Northern Extension of Mammoth vein, lode, or deposit, in East Tintic mining district, county of Juab, and the surface ground thereto belonging; the same being an undivided one eightieth part of said lode, vein, or deposit of three thousand feet.

The plaintiff, in support of his claim, relies upon a patent granted by the United States to Thomas Jenkins, George

Crisman, Charles Crisman, Charles Crisman, jun., and the plaintiff, of said lode or mining property, dated on the sixth day of May, 1873.

The defendants in their joint answer deny specifically the allegations of the complaint, and for a further and equitable defense allege that on and immediately prior to the date of the patent the plaintiff owned only three sixteenths of the claim or lode that was patented, to wit, five hundred and sixty-two and one half undivided feet, and no more, of said mining claim; although the patent was issued jointly to the five persons therein named, and thereby one fifth part of said property was granted to the plaintiff; and that the plaintiff, before the commencement of this action, had conveyed all of his interest in said mining property to the defendants or their grantors, and prayed that the court decree and adjudge the plaintiff to have no title or right of possession to said thirty-seven and one half undivided feet of said mining property, or any part thereof.

The act of congress approved June 23, 1874, giving to the district courts of this territory exclusive jurisdiction in all suits or proceedings at law and in chancery, unites in these courts the functions of common law and chancery; the forms of such actions and suits are by our territorial statutes abolished. But one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs is allowed, and the defendant is permitted to set up by answer as many defenses as he may have. It obviously was the intention of the legislature that all controversies respecting the subject-matter of the litigation might be determined in one action, and the provisions are adapted to give effect to such intent.

The plaintiff in this case, standing upon his legal rights under the patent, and the land, the possession of which he seeks to recover in this action, being admitted to be within the limits of the patent, there was nothing to be determined in the legal part of the case, except the damages; and they were incidental to the ownership, and until that was determined, no damages could be assessed. Therefore, the main question was upon the equitable defense set up by the answer, and this was properly and necessarily first considered

by the court: *Lestrade* v. *Barth,* 19 Cal. 660; *Weber* v. *Marshall,* 19 Id. 447; *Johnson* v. *Towsley,* 13 Wall. 72.

This matter of practice being thus determined, the only remaining questions are: 1. Whether the equity asserted by the defendants is sufficient to control the legal title, and justify a decree giving them affirmative relief against the action; 2. Whether the evidence produced at the trial of the case sustains the allegations and establishes that equity.

It is claimed by the appellant that a patent from the United States is the highest evidence of title, and that it can not be varied, contradicted, or controlled by evidence *dehors* the patent. This, as a general rule, is undoubtedly correct in a court of law. But upon a proper presentation of adequate facts, with a prayer for equitable relief, a court of equity will convey the legal title to the principals, *cestui que trust,* ward, or other party equitably entitled to the same. In *Marquez* v. *Frisbie,* 101 U. S. 473, the court say: "After the United States has parted with its title, and the individual has become vested with it, the equities subject to which he holds it may be enforced." In *Moore* v. *Robbins,* 96 Id. 530, it is said: "In this class of cases, as in all others, there exists in the courts of equity the jurisdiction to correct mistakes, to relieve against frauds and impositions, and in cases where it is clear that the officers have by a mistake of the law given to one man the land which on the undisputed facts belonged to another, to give appropriate relief."

Upon the trial, the defendants introduced the notice of the location of the mining property containing the names of the locators thereof, and evidence that it was duly recorded, and sundry deeds of the locators conveying their several and respective interests to the patentees and others, some of whose names are not mentioned in the patent, who occupied and were the possessory owners of the mining claim and premises at the time it was patented; that before said patent was issued there was a mutual understanding and oral agreement between all of the owners of said claim and premises, including the plaintiff; that the plaintiff's portion of the patented premises was five hundred and sixty-two and one-half undivided feet, and no more; that the other owners of the premises, who were the defendants, or their grantors, owned the

remainder thereof, two thousand four hundred and thirty-seven and one-half undivided feet, and that the said parties paid the expenses of work and development, and received dividends in these proportions, in accordance with this agreement.

Upon this evidence the court found that the plaintiff, at the time the patent was granted, had, and claimed to own, only five hundred and sixty-two and one-half undivided feet of said lode or mining premises, all of which he had sold and conveyed to the defendants or their grantors before the commencement of this action.

We are therefore of the opinion that there is no error in the rulings and decree of the court below. The decree is affirmed.

HUNTER, C. J., and EMERSON, J., concurred.